IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARK CLARK and ROMAN TRICE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 09-0567-CV-W-SOW |
| | ) | |
| REMANUFACTURED OFFICE SYSTEMS, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is plaintiffs Mark Clark's and Roman Trice's Motion to Remand (Doc. #7), defendants' Suggestions in Opposition and plaintiffs' Reply Memorandum in Support. Plaintiffs move the Court to remand the above-captioned case to the Circuit Court of Jackson County, Missouri at Kansas City because the case was improperly removed by defendants, who failed to establish that plaintiffs' state law claims are pre-empted by 29 U.S.C. § 1132(a), and therefore the Court lacks subject matter jurisdiction. For the reasons stated herein, plaintiffs' Motion to Remand is granted.

I. Background

The basis for the above-captioned case arose out of plaintiffs' employment with defendants as independent contractors. Following termination by defendants, plaintiffs were preparing their tax returns when they learned they had likely been misclassified by defendants as independent contractors instead of as employees. Bearing this status, plaintiffs were denied certain benefits and privileges owed to employees. Plaintiffs filed suit to recover damages suffered as a result of their alleged misclassification and other wrongdoing by defendants, alleging fraud, negligent

misrepresentation, negligence per se and breach of the implied covenant of good faith and fair dealing under Missouri law. Defendants removed the action to this Court on the basis that plaintiffs' state law claims were preempted by section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a).

## II. Standard

As the removing party, defendants bear the burden of proving that all prerequisites were satisfied such that removal was proper. Brand v. Kansas City Gastroenterology & Hepatology, LLC, 547 F. Supp. 2d 1001, 1003 (W.D. Mo. 2008). Under the well-pleaded complaint rule, an action filed in state court cannot be removed when a federal question is not present on the face of plaintiff's complaint. Engh v. SmithKline Beecham Corp., No. 07-3483 (MJD/SRN), 2007 WL 4179361, at *3 (D. Minn. Nov. 20, 2007) (citing Rosati v. Cleveland-Cliffs, Inc., 259 F. Supp. 2d 861, 867 n.6 (D. Minn. 2003)). An exception to this rule, however, provides that "certain federal regulations completely preempt state laws and invoke the Court's federal subject matter jurisdiction." Id. (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)). "In such cases, even if the complaint only provides for recovery under state law, federal law preempts the state law claims for the purpose of subject matter jurisdiction and removal is appropriate." Id. Congress intended ERISA to be one such preemptive body of federal law, such that "causes of action, [including state law claims], within the scope of the civil enforcement provisions of § 502(a) [of ERISA are] removable to federal court." Metro. Life Ins. Co., 481 U.S. at 66. Therefore, "ERISA forms the basis for removal of a plaintiff's state law claims to federal court only when any one or more of those claims can properly be recharacterized as a claim for benefits under ERISA § 502." Tovey v. Prudential Ins. Co. of Am., 42 F. Supp. 2d 919, 922 n.1 (W.D. Mo. 1999).

Pursuant to ERISA § 502(a), "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Congress intended [this section of ERISA] to be the exclusive means for a plan participant to recover benefits from an ERISA-governed plan. . . ., so that whenever a plaintiff's cause of action falls within the scope of § 502(a), that cause of action is subject to complete preemption under ERISA." Tovey, 42 F. Supp. 2d at 922-23 (citing Metro. Life Ins. Co., 481 U.S. at 63, 66). In Tovey v. Prudential Insurance Company, the court outlined the appropriate three-step analysis for evaluating whether a plaintiff's state law claims fall within the scope of § 502(a) such that they are completely preempted by ERISA and removable to federal court. Id. at 924-25. First, "a court must . . . determine whether the plaintiff is eligible to bring a claim under [§ 502(a), which] is available only to ERISA-plan participants and beneficiaries. If a plaintiff is not a participant or beneficiary of an ERISA-governed plan, then he or she cannot bring a claim under this section and the complete preemption doctrine would not apply." Id. (citing 29 U.S.C. § 1132(a)(1)). "Second, the subject matter of an eligible plaintiff's state law claim must fall within the scope of § 502(a). In other words, the claim must seek to recover benefits, to enforce rights, or to clarify rights to future benefits." Id. "Third, the benefits or rights that the plaintiff seeks to recover, clarify, or enforce must arise under the terms of the plaintiff's plan[, a factor which] is best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan documents." Id.

## III. Analysis

As an initial matter defendants wish the Court, when ruling on the motion to remand, to

consider plaintiff Mark Clark's Charge of Discrimination against defendants filed with the Missouri Human Rights Commission. However, the Charge of Discrimination is not a part of the above-captioned case and therefore the Court will not consider it.

Using the aforementioned three-factor analysis, the Court is not persuaded that plaintiffs' claims fall within the scope of § 502(a). First, as independent contractors, plaintiffs were not participants in or beneficiaries of any ERISA plan maintained by defendants. A "participant" is defined as an "employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C.A. § 1002(7). The definition includes "employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment" and whether a person fits the definition is "decided as of the time of the filing of the lawsuit." Tovey, 42 F. Supp. 2d at 925 (internal citations omitted). Defendants do not deny that plaintiffs were not covered under defendants' ERISA plan. Moreover, plaintiffs were not employed by defendants when they filed the present action and had no reasonable expectation of returning to work and becoming covered under defendants' plan. The Court is not persuaded by defendants' argument that plaintiffs nonetheless have standing to sue because plaintiffs would have been covered if they were truly employees and not independent contractors. The fact remains that they were never covered. Consequently, the Court finds that plaintiffs were not plan participants and therefore do not have standing to bring suit under ERISA § 502(a).

Second, plaintiffs do not seek to recover benefits due to them under or enforce rights which arise under the terms of any ERISA-covered plan maintained by defendants. Plaintiffs seek damages for fraud, negligent misrepresentation, negligence per se and breach of implied covenant of good

faith and fair dealing under Missouri law. These damages include benefits denied to plaintiffs as a result of their classification as independent contractors, including denied vacation and sick leave, unemployment compensation benefits, and other rights and privileges afforded to employees. Plaintiffs also seek recovery of money that was unlawfully withheld from their paychecks by defendants to pay for workers' compensation insurance premiums. Defendants argue that the heart of these claims is the improper denial of ERISA-covered benefits and therefore plaintiffs' claims arise under ERISA § 502(a). The Court disagrees. Plaintiffs allege unlawful conduct unrelated to defendants' ERISA plan and plaintiffs' state law claims can be resolved without any interpretation of the terms of defendants' plan. Moreover, any incidental reference to benefits governed by defendants' ERISA plan as part of plaintiffs' damages does not make plaintiffs' claims into an ERISA claim. Keim v. Washington Univ., No. 4:07CV533-DJS, 2007 WL 1378454, at *3-4 (E.D. Mo. May 7, 2007). The Court therefore disagrees with defendants' argument that determining the value of any ERISA-covered benefits denied plaintiffs requires an interpretation of defendants' plan. To the contrary, any need "to refer to Defendants' [ERISA-governed] plan to compute the amount of damages for which Defendants might be liable does not constitute 'interpretation' of the terms of that plan." Tovey, 42 F. Supp. 2d at 926 (referencing Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)). Consequently, the Court finds that plaintiffs' claims do not fall in the scope of ERISA § 502(a).

IV. Conclusion

Based on the foregoing analysis, the Court concludes that plaintiffs' Complaint is not completely preempted by ERISA and therefore the Court lacks subject matter jurisdiction. Plaintiffs' motion to remand will therefore be granted. However, the Court will not grant plaintiffs' request

for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), because it does not find that defendants lacked an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Accordingly, it is hereby

ORDERED that defendants' Motion to Dismiss (Doc. #3) is dismissed as moot. It is further

ORDERED that plaintiffs Mark Clark's and Roman Trice's Motion to Remand (Doc. #7) is granted. The above-captioned case is hereby remanded to the Circuit Court of Jackson County, Missouri at Kansas City for all further proceedings.

       /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: November 12, 2009